UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REGAN VELASQUEZ, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:09-cv-02265-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| THE LENDING GROUP, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendant Fidelity National Title Insurance Company's Motion to Dismiss (ECF No. 30) and Defendants HSBC Mortgage Services, Inc. and Housekey Financial Corporation's Motion to Dismiss (ECF No. 34).  Defendant Mortgage Electronic Registrations Systems, Inc. ("MERS") joined in that Motion (ECF No. 35).  Plaintiff has not filed a Response to either of the Motions to Dismiss.  Defendants have, however, filed Notices of Non-Opposition (ECF Nos. 41 & 42).  For the reasons that follow, both of the Motions to Dismiss will be GRANTED.  All of the claims over which this Court still has jurisdiction are dismissed without prejudice.

I.     **BACKGROUND**

This lawsuit was originally filed in September of 2009 in state court.  Plaintiff's Complaint alleges a number of causes of action against Defendants related to the foreclosure of their mortgage.  Defendants removed the case on November 25, 2009, and it was assigned to the Honorable Robert C. Jones.  On March 3, 2010, the case was transferred to the District of Arizona for inclusion in the Multi-District Litigation that was underway there (ECF No. 28); however, on May 17, 2010, the District of Arizona remanded to this District claims 3, 4, 5, and part of 6 (ECF No. 29).

On May 19, 2010, while the case was still on Judge Jones' docket, Defendant Fidelity National Title Insurance Company filed a Motion to Dismiss (ECF No. 30). Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen days after service of the Motion to file a Response; therefore, Plaintiff had until June 6, 2010 to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all. Nor has Plaintiff filed anything in this case since February of 2010.

On June 1, 2010, Defendants HSBC Mortgage Services, Inc. and Housekey Financial Corporation filed their own Motion to Dismiss (ECF No. 34). Defendant MERS joined the Motion on the same day (ECF No. 35). Plaintiff has also failed to respond to that Motion to Dismiss.

It also appears that Plaintiff has failed to keep his address up to date with the Court, as mail sent to the address he provided the Court has been repeatedly returned, (*see, e.g.,* ECF Nos. 27, 40, & 47).

## II.     DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, the Plaintiff's failure to respond to Defendants' Motions has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Plaintiff because it does not appear that this case was likely to be decided on the merits anyway: Plaintiff has failed to take any action to prosecute this case since February of 2010. Further, in his counsel's Motion to Withdraw (ECF No. 23), his counsel indicated that "Plaintiff, understanding the posture of the matter in Federal Court, has chosen to abandon his claims and terminate his current counsel rather than continuing to throw more money into a case in which the property has been lost already." (Mot. 4:1-3, ECF No. 23.)

These four factors outweigh factor (4) and, accordingly, Defendants' Motions to Dismiss are GRANTED. The claims over which this court retains jurisdiction are dismissed without prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (ECF Nos. 30 & 34) are **GRANTED**. All claims that are still under the jurisdiction of this Court are **DISMISSED without prejudice**.

DATED this 14th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge